


Samuel Karpel
Direct Line: (718) 249-2202
skarpel@zeklawfirm.com

February 18, 2021

Via ECF and E-mail (Failla_NYSDChambers@nysd.uscourts.gov)

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

**Re: United Footwear Group, LLC v. ACE Property and Casualty Insurance Company**
**Case No.: 20-cv-08641-KPF**

Dear Judge Failla:

This firm represents Plaintiff United Footwear Group, LLC in the above referenced matter.

This letter is submitted jointly by counsel for Plaintiff and Defendant ACE Property and Casualty Insurance Company pursuant to Your Honor's Notice of Initial Pretrial Conference.

**(i) A brief statement of the nature of the action, the principal defenses thereto, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement, or dispositive motion.**

**(a) Plaintiff's Claims.**

This civil action seeks a judgment declaring that Plaintiff's policy of insurance purchased from Defendant covers losses caused by the COVID-19 pandemic and the related government ordered shutdown of non-essential business. In addition, this action seeks damages arising from Plaintiff's breach of the contract of insurance.

In light of the COVID-19 pandemic and state and local orders requiring all non-life-sustaining businesses in the State of New York to cease operations and close all physical locations, Plaintiff closed its business on March 23, 2020, and partially reopened on or about June 22, 2020. Plaintiff had in place commercial property insurance issued by Defendant, and Plaintiff expected






it would cover, among other damages, business income losses from a pandemic and closure by a civil authority.

Plaintiff's insurance policy is an "all risk" policy which provides coverage for all non-excluded business losses. Plaintiff's losses, caused by the pandemic and civil authority order, are covered under the policy. However, Defendant denied Plaintiff's claim for coverage.

Plaintiff's asserts that a virus exclusions contained in the policy does not apply because (1) the policy does not define "virus", and there is no exclusion for losses caused by a "pandemic"; (2) COVID-19 is not within the customary meaning and understanding of the term "virus", and the term "virus" is vague and ambiguous; (3) denying coverage under the virus exclusion is contrary to the reasonable expectation of Plaintiff; and (4) principles of regulatory estoppel should prevent enforcement of the virus exclusion.

**(b) Defendant's defenses.**

ACE's position is that coverage for Plaintiff's alleged losses is precluded by the clear and unambiguous language of the policy issued by ACE to Plaintiff. Indeed, the ACE policy expressly states that ACE "will not pay for loss or damage caused directly or indirectly" by "[a]ny virus, bacterium or other microorganism that induces physical distress, illness or disease." The Policy's preamble to its "Exclusions" also provides that "[s]uch loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss." Moreover, even though Plaintiff's losses are clearly precluded by the virus exclusion, this District Court has also held under New York law that these purely economic losses do not constitute direct physical loss of or damage to property as required by the Policy. Accordingly, Plaintiff's counts for breach of contract must be dismissed because ACE has not breached any of its obligations under the ACE Policy. Additionally, Plaintiff's count for declaratory judgment must be dismissed for the same reasons because the factual and legal basis for this count is redundant of Plaintiff's counts for breach of contract. ACE's position is supported by dozens of cases throughout the country, including within the Southern District of New York. ACE has submitted a letter to Your Honor requesting a pre-motion conference for the purpose of requesting leave to file a Motion to Dismiss.

**(ii) A brief explanation of why jurisdiction and venue lie in this Court.**

Jurisdiction and venue lie in this Court because Plaintiff is a limited liability company, with its principal place of business in New York County, and its member is a citizen of the State of New York, and Defendant's place of incorporation and principal place of business is Pennsylvania.





**(iii) A statement of all existing deadlines, due dates, and/or cut-off dates.**

There are no existing deadlines, due dates and/or cut-off dates.

**(iv) A brief description of any outstanding motions.**

There are no pending motions before the Court. However, on February 12, 2021, Defendant filed a letter requesting a pre-motion conference for the purpose of requesting leave to file a Motion to Dismiss in lieu of answer (Doc. No. 18). On February 16, 2021, Plaintiff filed a letter setting forth its positions in opposition to a motion to dismiss (Doc. No. 19).

The parties have conferred and agreed to the following briefing schedule, should Your Honor grant leave for Defendant to file the Motion to Dismiss:

March 3, 2021 – Defendant to File Motion to Dismiss
April 2, 2021 – Plaintiff to File Opposition to Motion to Dismiss
April 23, 2021 – Defendant to File Reply in Further Support of Motion to Dismiss
Oral Argument to be Scheduled at the convenience of the Court

**(v) A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations.**

No discovery has been conducted.

The parties have conferred and agree that it would be most efficient for both the Court and the parties if discovery is stayed until the disposition of Defendant's Motion to Dismiss. .

**(vi) A statement describing the status of any settlement discussions and whether the parties would like a settlement conference.**

There have been no settlement discussions between the parties.






Respectfully submitted,

/s/ Samuel Karpel
Samuel Karpel
Zilberberg Einhorn Karpel, P.C.
66 Split Rock Road
Syosset, NY 11791
*Attorneys for Plaintiff*

Respectfully submitted,

/s/Daren S. McNally_______
Daren S. McNally
Clyde & Co US LLP
200 Campus Drive, Suite 300
Florham Park, NJ 07932
*Attorneys for Defendant*